IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALTON CHARLES MAY, <br> # 13433-016, | * * * * | |
| Petitioner, | * * | **Civil Action No. RWT-14-2999** <br> **Criminal Action No. RWT-12-0278** |
| v. | * * | |
| UNITED STATES OF AMERICA, | * * | |
| Respondent. | * * | |
|  | ****** | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner Alton Charles May's (the "Petitioner") Motion to Vacate Under 28 U.S.C. § 2255 (the "Motion to Vacate"). Crim. No. RWT-12-0278, ECF No. 127. The Petitioner pled guilty to interference with commerce by robbery and possession of a firearm in furtherance of a crime of violence. On October 24, 2013, he was sentenced to 216 months imprisonment as to the robbery charge and a consecutive 84 month sentence as to the firearm charge, plus 5 years of supervised release, a special assessment, and restitution. The Petitioner did not appeal.

In the present Motion to Vacate, the Petitioner claims that the Government breached the plea agreement by forcing him to testify against his co-defendant, Steven Vondell Williams ("Williams"). *Id.* at 5. The Petitioner asserts the plea agreement stated, that in exchange for his guilty plea "[a]ny statement the defendant make[s] during such hearing would not be admissible *against him* during a trial except in a criminal proceeding for perjury or false statement . . . If the court accepts the defendant's plea of guilty there will be no further trial or proceeding of any kind, and the court will find him guilty." *Id.* (emphasis added).

The Government called the Petitioner to testify in the later trial of Williams. ECF No. 127-1, at 3. During the trial, the Petitioner denied knowing Williams but admitted that an individual known as "Steven Williams" was charged in Count One of the Petitioner's indictment as his co-defendant. *Id.* The Petitioner contends that the Government's decision to use his plea statement against Williams violated his plea agreement. However, the Petitioner's plea agreement, which states that both he and Williams were responsible for the May 3, 2011 armed robbery of the driver of a Loomis armored vehicle, is public record and was used against Williams, not the Petitioner. ECF No. 55-1, at 1. That the Government called the Petitioner at Williams's trial to admit to entering this plea, in no way violates the terms of his plea agreement, because the Petitioner's statements were not used against him, but rather against Williams. Accordingly, the Petitioner's Motion to Vacate is without merit.

For the reasons stated herein, the Court shall deny the Petition.[1] A Certificate of Appealability will not issue because May has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). A separate order follows.

October 6, 2014                                    /s/
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE

---

[1] As there is no separate civil filing fee required for the Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, thus the Petitioner's Motion to Proceed *In Forma Pauperis* shall be denied as moot. Crim. No. RWT-12-0278, ECF No. 128.